1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>MELVIN ROBERT ANDERSON (51), *et al.*,<br><br>               Defendants. | CASE NO. 85-CR-252-LAB<br><br>**ORDER DENYING DEFENDANT MELVIN ROBERT ANDERSON'S MOTION TO EXPUNGE** |

On July 24, 2013, Defendant Melvin Robert Anderson delivered a letter to this Court requesting that his "record/conviction" be expunged.[1]  The conviction that Mr. Anderson seeks to expunge arises from a charge brought in May 1985 to which he pled guilty for knowingly and intentionally possessing cocaine in violation of 21 U.S.C. § 844, a misdemeanor under federal law.  Because of his conviction, the California Department of Justice recently prohibited Mr. Anderson from purchasing a firearm.  Mr. Anderson now moves to expunge that conviction in order to purchase a firearm.

---

[1] Though Mr. Anderson's request does not conform with many of the filing requirements of this district, the Court nonetheless accepts Mr. Anderson's letter *nunc pro tunc* to July 24, 2013, and construes it as a motion to expunge.

85cr252

# LEGAL STANDARD

A defendant who seeks expungement requests "the judicial editing of history." United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004) (citing Rodgers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972)). In general, when a defendant moves to expunge records, he asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself. Id. "Accordingly, expungement, without more, 'does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty.'" Id. (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 121-22 (1983)).

The Ninth Circuit recognizes two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. Crowell, 374 F.3d at 793. "By statute, Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." Id. If no such statute exists granting the court authority to expunge a particular conviction, courts may utilize their inherent authority. See id.

"Congress has not expressly granted to the federal courts a general power to expunge criminal records." Crowell, 374 F.3d at 794. However, the Ninth Circuit has recognized that "federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases." Id. In criminal proceedings, "district courts possess ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231." Id. (quoting United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000)) (internal quotation marks omitted). Under that authority, district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations" because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to

1  Congress, the Executive, and the states." Id.  Accordingly, "a district court's

2  ancillary jurisdiction is limited to expunging the record of an unlawful arrest or

3  conviction, or to correcting a clerical error." Id.

### DISCUSSION

5        According to Mr. Anderson, as a part of the plea agreement that he entered

6  into in 1985, he was allowed to keep his real-estate license and stock-brokerage

7  license, but surrendered his "Guns and Passport."  He believed that these would be

8  returned to him once he pled guilty, and after he pled guilty, these items were

9  eventually returned.  He also believed that after completing the agreed-upon three-

10  years probation, his conviction would automatically convert to an expunged record.

11  But it did not.

12        Mr. Anderson explains that he has taken various measures to fortify his

13  property—including fencing his 3-acre property with a "high security 6 foot

14  fence"—"[b]ecause of perceived dangers to [his] family from Mexico."  His wife

15  purchased a shotgun and a "45acp hand gun, at [his] son's direction," but because

16  "[t]he 45 is a mess for her," Mr. Anderson bought her a "more stable 22 hand gun."

17  But he was ultimately prohibited from completing the firearms purchase.

18        At an unspecified time, Mr. Anderson tried to purchase a "22 hand gun" for

19  his wife, but the California Department of Justice ("DOJ") prohibited the firearms

20  dealer from selling a firearm to Mr. Anderson.  The California DOJ advised the

21  dealer that records indicated that Mr. Anderson is "not eligible to own/possess

22  firearms," and instructed the dealer to "**not release the firearm to the purchaser.**"

23  (Firearm Notice (emphasis in original).)  The California DOJ added that "[p]ersuant

24  [sic] to Penal Code section 26815, [the dealer is] hereby required to make available

25  to the purchaser the DOJ Prohibited Persons Notice Form and Power of Attorney for

26  Firearms Relinquishment, Sale, or Disposal, form BOF 110."  (Id.)  Mr. Anderson

27  does not mention whether the firearms dealer fulfilled that obligation.

28  / / /

85cr252

1   Mr. Anderson adds that he has "been clean and sober since 1985," has been

2   married since 1987, now with two children, and has "been involved in many civic

3   and humanitarian projects." He attaches photos and other documents to show the

4   positive direction of his life since his 1985 conviction.

5   Though the Court recognizes and commends Mr. Anderson for his many

6   accomplishments, under <u>Crowell</u>, the Court does not have the power "to expunge a

7   record of a valid arrest and conviction solely for equitable considerations."

8   <u>Crowell</u>, 374 F.3d at 794. Instead, it is "limited to expunging the record of an

9   unlawful arrest or conviction, or to correcting a clerical error." <u>Id.</u> Collateral

10  consequences, such as the ability to purchase a firearm, are insufficient to warrant

11  relief. <u>See</u> <u>Sumner</u>, 226 F.3d at 1015 (holding that a district court does not have

12  ancillary jurisdiction in a criminal case to expunge an arrest or conviction record

13  where the sole basis alleged by the defendant is that he or she seeks equitable relief

14  such as enhancing employment opportunities); <u>Ray v. United States</u>, 943 F.2d 57

15  (10th Cir. 1991) (Table) (affirming district court's decision to deny expungement

16  where conviction records restricted the defendant's activities, such as purchasing a

17  firearm). There is no suggestion that Mr. Anderson's conviction was in any way

18  unlawful or invalid, or that the there was any clerical error. <u>See</u> <u>Crowell</u>, 374 F.3d

19  at 794. Though Mr. Anderson shows that he will be inconvenienced by his

20  conviction in that it impedes his ability to purchase a firearm, the Court cannot grant

21  expungement for that reason. <u>See</u> <u>id.</u>

### CONCLUSION

23  In light of the foregoing, the Court **DENIES** Mr. Anderson's motion to

24  expunge.

25  **IT IS SO ORDERED.**

26

27  **DATED: October 15, 2013**

28  **IRMA E. GONZALEZ**
    **United States District Judge**